151 F.3d 1034
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Norberto LAUREL, Defendant-Appellant.
 No. 97-4205.
 United States Court of Appeals, Seventh Circuit.
 July 17, 1998.
 
 Appeal from the United States District Court for the Southern District of Illinois. No. 92-CR-40004-JLF, James L. Foreman, Judge.
 Before Hon. WILLIAM J. BAUER, Hon. JOEL M. FLAUM, and Hon. DANIEL A. MANION, Circuit Judges.
 
 ORDER
 
 1
 Before the Court is the Government's motion to vacate the judgment, withdraw our opinion, and remand the above-captioned case to the district court to enable the United States to move to dismiss the indictment.
 
 
 2
 Federal grand juries in both the Central and Southern Districts of Illinois indicted Norberto Laurel in 1992 for conspiring to distribute cocaine in violation of 21 U.S.C. § 846. No dispute exists that these indictments concerned the same criminal conspiracy. Laurel was arrested in Texas in November 1994 on a warrant that issued from the Central District. Eventually, in September 1996, he pleaded guilty in the Central District to possessing cocaine in violation of 21 U.S.C. § 841; the conspiracy charge in the Central District was dismissed as part of this plea bargain. After Laurel was sentenced in the Central District, the United States Attorney's Office for the Southern District commenced its prosecution of Laurel on the 1992 conspiracy charge--the subject of the instant case.
 
 
 3
 Oral argument in this case disclosed that, in the course of plea negotiations on the Central District charge, Laurel was not informed that he faced an identical conspiracy charge in the Southern District even though there was an unspecified level of communication between the two prosecutors' offices. Laurel alleges, and it is undisputed, that he first learned of this Southern District indictment in March 1997, some months after he had entered his guilty plea on the possession charge in the Central District. While he subsequently pleaded guilty to the Southern District conspiracy charge, he appealed the district court's refusal to dismiss that indictment as a violation of his Central District plea agreement, the Double Jeopardy Clause, and/or the Speedy Trial Clause. On June 29, 1998, we affirmed the district court's denial of Laurel's motions to dismiss the indictment. We stated that Laurel's claim of alleged prosecutorial overreaching could only be addressed in a separate challenge to the Central District plea agreement.
 
 
 4
 On July 13, 1998, the Government made the following representations in the motion under consideration:
 
 
 5
 Following the filing of the opinion, the involved attorneys and supervisors in the Offices of the United States Attorneys for both districts discussed the cases and reviewed the status of the case in the Southern District of Illinois. Officials in the Southern District of Illinois determined at this time that the defendant-appellant and his attorney were not advised of the pendency of the indictment in the Southern District of Illinois while plea negotiations were ongoing in the Central District of Illinois. The United States Attorney's Office in the Southern District of Illinois was not aware until after this Court's decision that the defendant had not been advised of the Southern District's case at the time he entered his plea in the Central District. Accordingly, it was agreed that the Government in the Southern District of Illinois would seek to remedy the situation by filing this motion to seek the Court to vacate its judgment, withdraw the opinion, vacate the defendant's conviction and remand the case to the District Court. When the case is remanded to the District Court, the Government in the Southern District will then move to dismiss the indictment against the defendant in the District Court. The Government in the Southern District of Illinois is filing this motion in the interests of justice. The dismissal of this case will place the defendant in precisely the same position he would have enjoyed had the Government not filed the Southern District case. The undersigned counsel [Assistant United States Attorney Ralph M. Friederich] has contacted defense counsel John Stobbs. Attorney Stobbs agrees that this is an acceptable resolution to this case.
 
 
 6
 Based on the foregoing representations, we grant the Government's motion to vacate the judgment in this matter, withdraw our opinion of June 29, 1998, and remand the case to the district court so that the Government may fulfill its stated commitment to move to dismiss the indictment. This disposition renders moot Laurel's July 10, 1998, motion to supplement the record, as well as his petition for rehearing. It is so ordered.